UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TAMEKA LOWE, | ) <br> ) <br> ) |
| Plaintiff, | ) Case No. <br> ) 2:24-cv-75-TCB |
| v. | ) <br> ) |
| CITY OF MANCHESTER, GEORGIA, et al., | ) <br> ) <br> ) <br> ) |
| Defendants | ) |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

   Plaintiff brings one claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment. Plaintiff alleges that Officers Carpenter and Norris of the City of Manchester Police Department arrested her without probable cause after Plaintiff failed to provide her identification to them. Plaintiff further alleges that Defendants Carpenter and Norris acted pursuant to a policy implemented by the City of Manchester and the City is therefore liable for her arrest.

   (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   Plaintiff:

Plaintiff was arrested on April 28, 2022, by Defendants Carpenter and Norris at 10:30 p.m. Plaintiff's arrest occurred at 1121 Warm Spring Highway, located in the City Manchester, Georgia.

When Defendant Carpenter first encountered Plaintiff, Plaintiff was sitting inside her car while parked in the parking lot of a business owned by Plaintiff. Plaintiff's car was legally parked. Plaintiff was not driving at the time Defendant Carpenter initiated contact with her, and she did not commit any traffic violation that would have justified a traffic stop. While speaking to Plaintiff, Defendant Carpenter indicated to Plaintiff that although he wanted to speak with her he, nevertheless, did not believe that she had committed any crime.

Shortly after Defendant Carpenter began speaking with Plaintiff, Defendant Norris arrived in a separate patrol car. Norris exited the car and spoke with Plaintiff along with Defendant Carpenter.

During the entirely of their interaction with Plaintiff, Plaintiff did not engage in any action that caused Defendants Carpenter or Norris to be suspicious that she committed a crime or was going to commit a crime. Defendants Carpenter and Norris were not aware of specific facts upon which to reasonably conclude that Plaintiff posed any danger to themselves or others. At the time Defendants Carpenter and Norris made contact with Plaintiff, Plaintiff remained free to terminate the encounter and leave.

Defendants nevertheless insisted that Plaintiff provide identification to them. At the time of that demand, Defendants Carpenter and Norris did not suspect Plaintiff of committing a crime and no evidence existed that could cause Defendants Carpenter and Norris to believe that Plaintiff was involved in the commission of a crime. After Plaintiff refused to provide identification, Carpenter and Norris arrested Plaintiff.

The practice of requiring an individual to provide identification to law enforcement officers was established by and approved by the chief of police for the City of Manchester. The chief of police is the final decision-maker in setting all police policies within the City. The City of Manchester did not require approval from any City official or entity other than the chief of police in order for policies of the chief of police to be established for the operations of the City police department. Defendants Carpenter and Norris acted to question and then arrest the

Plaintiff as a result of and pursuant to the City's practice of requiring individuals to provide identification without regard to whether there is any suspicion that the individual was involved in a crime.

<u>Defendant</u>:

On April 28, 2022, at approximately 10:47 P.M., City of Manchester Police Department officers Chris Carpenter and Jason Norris encountered Plaintiff Tameka Lowe sitting in her car outside of a closed business, Bugg Off Detail Shop. Prior to the encounter, on or April 23, 2024 through April 26, 2022, the neighboring business, had a car stolen and a catalytic converters stolen from vehicles. Due to the recent thefts, there was a reasonable concern about a person sitting in a car at a closed business either loitering around the closed business, about to commit a burglary of the business or theft from other vehicles, or assisting another person in the process of committing a crime at the closed business or an adjacent business.

Carpenter's request for identification was reasonable and necessary for the purposes of identifying Lowe, who he had not previously encountered, and who he did not know for certain had legitimate relationship with the property. Norris, who arrived at the scene, explained the need for the identification. Throughout the encounter, Lowe appeared distracted by her phone and somewhat uneasy and caused further uncertainty by calling an individual to the scene. The officers requested identification from Lowe several times, but she continuously refused to provide her identification and argued with the officers. Lowe's continued argument hindered the ability of the officers to complete their investigation of a suspicious person and prolonged the encounter. As a result of the hindrance, Lowe was arrested for misdemeanor obstruction.

The City denies that it promulgated, enacted, or enforced any unconstitutional policy or practice as it relates to requesting identification from a suspicious individual. The request for identification was lawful and reasonable under state law. Lastly, the Defendants state that Lowe's arrest was supported by probable cause.

(c)   The legal issues to be tried are as follows:

- **Whether there was probable cause for Plaintiff's arrest;**

- **Whether the individually named officers are entitled to qualified immunity;**

- **Whether the City of Manchester had an official policy or custom which was the moving force behind the constitutional violation alleged in the complaint;**

- **Whether the City of Manchester is liable for Plaintiff's arrest;**

- **The amount, if any, of compensatory damages recoverable by Plaintiff against each Defendant;**

- **The amount, if any, of punitive damages recoverable by Plaintiff against the individual Defendants;**

(d)   The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

The status of the criminal is unknown.  Manchester Municipal Court, Citation Number 377500224.  The case appears to have been transferred Superior Court of Meriwhether Counter.

(2) Previously Adjudicated Related Cases: **None.**

**2.   This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: **Jeff Filipovits, Wingo Smith**

Defendant: **Matthew Bennett**

4. **Jurisdiction: Is there any question regarding this Court's jurisdiction? \_\_\_\_Yes  X  No**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined: **None.**

(b) The following persons are improperly joined as parties: **None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Upon discovery, there may be additional parties that Plaintiff will seek to amend of her complaint. To whatever extent it is necessary to amend any pleading, the parties will seek leave to amend under Fed. R. Civ. P. 15.**

(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
(b)  *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
(d)  *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The parties do not object to Initial Disclosures. The parties have agreed to exchange initial disclosures within 30 days of Defendants' answer.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

**The parties do not request additional time to complete discovery and will advise the Court if they do not anticipate completing discovery within four months.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The parties agree that discovery material (both requests and responses) may be served via electronic means and that neither party requires service via U.S. mail. The parties agree that they will share an obligation to acknowledge receipt of any emailed discovery by responding to that email. The parties further agree that, upon request, for any discovery served via electronic means three days shall be added to time for any necessary response as set forth in Fed. R. Civ. P. 6(d).**

**The parties agree that whenever a party receives materials from third parties in response to either an open records act request or a third party subpoena, that such party receiving the materials shall promptly provide a copy of said response to the other party. Furthermore, the parties reserve the right to request that any party producing who has produced discovery responses via electronic means to also supply a physical copy of those**

responses. **The parties agree to comply with any such request for physical production within seven days.**

  (b) Is any party seeking discovery of electronically stored information?
  \_\_\_X\_\_\_ Yes _____ No If "yes,"

  (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

  **The parties do not believe any limitation is necessary at this point because they do not anticipate that the requests ESI involved in this case will involve any complications beyond those of ordinary discovery.**

  (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

  **The parties may produce electronic information in PDF format. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native and unaltered format which preserves all metadata and other information.**

  **For any data that cannot be exported in PDF or native format, that data should be exported to a CSV or plain text file which preserves all data. For any electronic evidence which requires a proprietary or specialized software,**

to view or play (e.g., video evidence), the parties agree to produce a copy of that software.

(3) In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties do not request a scheduling conference.**

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **July 2, 2024**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):   **Jeff Filipovits**

    Other participants: None

For defendant: Lead counsel (signature):   **Matthew Bennett**

    Other participants: None

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(\_\_\_\_) A possibility of settlement before discovery.
(\_x\_\_) A possibility of settlement after discovery.
(\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.
(\_\_\_\_) No possibility of settlement.

(c) Counsel(\_\_X\_\_) do or (\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d) The following specific problems have created a hindrance to settlement of this case.

**None.**

**14. Trial by Magistrate Judge: Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b) The parties (\_\_**X**\_\_) do not consent to having this case tried before a magistrate judge of this Court.

Signed on July 22, 2024.

| **Jeff Filipovits**<br>Georgia Bar No. 825553<br><br>Attorneys for Plaintiff<br><br>SPEARS & FILIPOVITS, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, GA 30030 | **Matthew H. Bennett**<br>Matthew H. Bennett<br>Georgia Bar No. 123408<br><br>Attorney for Defendants<br><br>1012 Memorial Drive<br>Suite 13<br>Griffin, GA 30223<br>(678) 688-3554<br>mhb@bennettlawofficellc.com |
|---|---|

| | |
|---|---|
| (404) 905-2225<br>jeff@civil-rights.law | |

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this ____ day of _____, 2024.

_____
HONORABLE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE